**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-4038**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELLIOTT MAURICE BROWNING,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00047-WO-1)

―――――――――

Submitted:  June 3, 2025                                     Decided:  July 2, 2025

―――――――――

Before KING and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Stephen T. Inman, Chief, Criminal Division, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM.

Following a two-day trial in August 2022, a jury convicted Elliott Maurice Browning of possession with intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possessing a firearm in furtherance of that drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  As related to the § 922(g) charge, the district court found at sentencing that Browning qualified as an armed career criminal, pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The district court imposed an aggregate 360-month sentence, the lowest sentence available under Browning's advisory Sentencing Guidelines range of 360 months to life imprisonment.  Browning's sole argument on appeal is that a fact underlying his ACCA designation—namely, that he committed the three predicate crimes on "different occasions"—should have been determined by the jury, not the district court.  In light of our recent ruling in *United States v. Brown*, 136 F.4th 87 (4th Cir. 2025),[*] we find any error in this regard to be harmless and therefore affirm.

*Erlinger* confirms that the district court constitutionally erred in deciding that Browning's ACCA-predicate convictions involved crimes that were "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), rather than submitting the

---

[*] We initially held this appeal in abeyance for the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024), and later for this court's decision in *United States v. Boggs*, No. 22-4707, 2025 WL 1249364 (4th Cir. Apr. 30, 2025), which was a companion case to *Brown*.  The matter is now ripe for disposition.

question to the jury for determination.  Indeed, it is now clear that a jury must make the "different occasions" finding "unanimously and beyond a reasonable doubt."  *Erlinger*, 602 U.S. at 835.

However, this error does not require remand if the Government can demonstrate that the error was harmless beyond a reasonable doubt.  *Brown*, 136 F.4th at 96 (rejecting defendant's argument that *Erlinger* error is "per se prejudicial and instead conclud[ing] that it is subject to harmless-error review" (internal quotation marks omitted)).  Because Browning was convicted after a jury trial, we must consider "whether proof of the missing fact or element was overwhelming and uncontroverted so as to be able to determine conclusively that a jury would have found the fact or element beyond a reasonable doubt."  *Id.  See United States v. Legins*, 34 F.4th 304, 322 (4th Cir. 2022) (explaining that, failing "to include a sentence-enhancing factor in the . . . jury charge should be treated exactly like its failure to include any other element of an offense.  And the proper way to perform harmless-error analysis . . . is to ask whether proof of the missing element is overwhelming and uncontroverted" (internal quotation marks omitted)).

Here, Browning's presentence report—which was uncontested in terms of the facts relevant to the ACCA designation—establishes that the qualifying ACCA predicate crimes occurred anywhere between four weeks and seven years apart, and had no apparent connection with one another.  *See Wooden v. United States*, 595 U.S. 360, 366, 369-70 (2022) ("Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events.").  The victims of Browning's armed robberies were

3

different, as were the businesses he targeted. *See id*. at 369-70. Based on these facts, we conclude that no reasonable jury could have found that the predicate crimes were committed on the same occasion. *See Brown*, 136 F.4th at 98-99 (rejecting defendant's position that robberies, which were committed two months apart, occurred "on the same occasion because they shared a common scheme or purpose"). Thus, as in *Brown*, review of the record convinces us that "there is no question as to how a properly instructed jury would have resolved the 'different occasions' inquiry in this case." *Id*. at 99.

Accordingly, we deny Browning's motion to remand for resentencing pursuant to *Erlinger* and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*